**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| BENNIE JOHNSON JR, | § § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:18-CV-00032-RWS-CMC |
| v. | § § | |
| DIRECTOR TDCJ-CID, | § § § | |
| Defendant. | § | |

## ORDER

Petitioner Bennie Earl Johnson, Jr., a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

The Magistrate Judge issued a Report and Recommendation recommending that the petition be dismissed as barred by the statute of limitations. Docket No. 17. The Magistrate Judge determined that Johnson had filed his state petition five days after the applicable deadline of June 15, 2017.

Johnson objects, arguing that the Court should consider the merits of his claim. Docket No. 19. Johnson claims that he is entitled to equitable tolling of the statute of limitations because Hurricane Harvey and other storms affected his ability to file a timely petition. He alleges that, due to Hurricane Harvey, his unit became overcrowded and the law library closed, which affected his ability to pursue post-conviction relief.

Equitable tolling is available only if the petitioner diligently pursued his rights and extraordinary circumstances prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Although the hurricane conditions described could conceivably constitute "extraordinary circumstances," Hurricane Harvey hit Texas well after Johnson's statute of limitations expired. Hurricane Harvey made landfall in Texas in August 2017, two months after Johnson was required to file his state petition. Accordingly, Hurricane Harvey could not have prevented Johnson from filing his petition in time.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Johnson objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Magistrate Judge's report is correct and Johnson's objections are without merit.

Additionally, Johnson is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of

encouragement to proceed further.  *See Slack*, 529 U.S. at 483–84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280–81  (5th Cir. 2000).

Here, Johnson has not that shown that any of the issues raised by his claims are subject to debate among jurists of reason.  In addition, the questions presented are not worthy of encouragement to proceed further.  Johnson has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

For the reasons described above, Johnson's objections (Docket No. 19) are **OVERRULED**, and the Magistrate Judge's recommendation (Docket No. 17) is **ADOPTED** as the opinion of this Court.  It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

It is finally **ORDERED** that all motions not previously ruled on are **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 8th day of June, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE